# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SHAVAR SPENCE, )<br>)<br>    Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | CV417-173<br>CR415-187 |

## **REPORT AND RECOMMENDATION**

Convicted of conspiracy to possess with intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime, Shavar Spence seeks to vacate his sentence based on counsel's alleged ineffectiveness at sentencing. Docs. 148 & 162;[1] *see* docs. 101 (plea agreement); 141 (judgment for 262 months' imprisonment). Spence's Presentence Investigative Report (PSR) provided for several adjustments for the volume of drugs attributed to him, his prior felony drug convictions, and his possession of a firearm in connection with another felony offense. He contends counsel was

---

[1] The Court is citing to the criminal docket in CR415-187 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

deficient for failing to object to these enhancements, the calculation of the sentencing guidelines, and his designation as a career offender; failing to argue that he was actually innocent of the firearm charge; and failing to move the Court for a reduction of his sentence pursuant to 18 U.S.C. § 3553(A). Doc. 148 at 3-15.

1. BACKGROUND

After months of surveillance and controlled drug sales to undercover officers and informants, investigating officers determined that Spence led a drug organization. PSR at ¶¶ 7-19. Officers searched his home pursuant to a warrant and found digital scales, crack and powder cocaine, MDMA, marijuana, cell phones, baggies, cash, and numerous weapons, magazines, and a tactical rifle sight. *Id*. at ¶¶ 11-15; doc. 154 at 21-24. Spence claimed ownership of all but one firearm. PSR at ¶ 15; doc. 153 at 7-8; doc. 154 at 23.

Represented by counsel, Spence pled guilty to one count of drug conspiracy and one count of possessing a firearm in furtherance of a drug trafficking crime. Doc. 101. He agreed that "he is, in fact, guilty of these offenses" and admitted, among other things, that he "did knowingly possess a firearm . . . in furtherance of a drug trafficking crime." *Id*. at

2-3. He also waived his right to file a direct appeal. *Id.* at 7. Finally, he affirmed his understanding that he faced up to twenty years' imprisonment on the drug charge and an additional, consecutive sentence of at least five years' imprisonment on the gun charge, and that he had not been promised any particular sentence. *Id.* at 3-4.

At his Rule 11 plea hearing, the Court affirmed that Spence understood the elements of both crimes and admitted that his conduct met those elements. Doc. 154 at 12-13. He swore that he was pleading guilty to both counts because he was, "in fact," guilty of both counts. *Id.* at 19. The Court determined, and Spence affirmed, that his plea was both knowingly and voluntarily made. *Id.* at 20 & 24.

The Probation Officer then prepared the PSR, relying on Chapters Two and Four of the Sentencing Guidelines to determine Spence's base offense level and the effect of any enhancements on his advisory guidelines sentencing range. Pursuant to Chapter Two, the drug quantity attributable to Spence was calculated based on a conversion to an equivalent quantity of marijuana. U.S.S.G. § 2D1.1, comment. (n.10(B)). Here, Spence was attributed with the equivalent of 117.61 kilograms of marijuana and thus garnered a base offense level of 24.

3

PSR at ¶¶ 8-19, 26; *see* U.S.S.G. § 2D1.1(c)(8). Based on his criminal history, including two felony drug convictions (PSR at ¶¶ 42 & 43), Spence was considered a career offender and his base offense level bumped up to 32. PSR at ¶¶ 32 & 50. Once his three-level reduction for acceptance of responsibility was factored in, *see* U.S.S.G. § 3E1.1, Spence was left at a total offense level of 29 (PSR at ¶¶ 33-34) and an advisory guidelines range of 151 to 188 months' imprisonment. PSR at ¶ 71; *see also id*. at ¶ 69 (noting Spence was subject to a maximum term of imprisonment of 20 years by statute).

As to his firearms offense, the minimum term of imprisonment required by statute was 60 months, consecutive to any other sentence. *Id*. at ¶¶ 25, 69-70; *see* U.S.S.G. §§ 2K2.4(b), 5G1.2(e). Added to the above advisory range, Spence faced a possible total guideline range of 211 to 248 months' imprisonment. PSR at ¶ 71; *see* U.S.S.G. § 5G1.2(a). But, because he was a career offender with an 18 U.S.C. § 924(c) charge (the firearm charge), he was instead subject to the career offender table advisory guideline range of 262 to 327 months' imprisonment. U.S.S.G. § 4B1.1(b)(2) (imposing the greater of the two ranges, either (a) the range resulting from adding 60 months to the § 4B1.1(b) range

4

calculation (211 to 248 months) or (b) the range as set forth at § 4B1.1(c)(3) where a three-level reduction for acceptance is applied (262 to 327 months)).

Spence did not object to the PSR but instead filed a sentencing memorandum arguing for a downward departure based on the factors set forth in 18 U.S.C. § 3553(a). Doc. 138 at 1 & 3-6 (arguing that a sentence below the advisory range would be "sufficient[,] but not greater than necessary" because his past "nonviolent" felonies only involved small drug quantities and he was never a "drug kingpin," having merely sold drugs at the "retail level"). At sentencing, the Court adopted the findings of fact and conclusions as to the applicable advisory guidelines set forth in the PSR as its own, and rejected Spence's § 3553(a) arguments in mitigation. Doc. 153 at 3-4. The Court explained:

> I did review the memorandum that was submitted on behalf of the Defendant, and, of course, I've studied the presentence report and thought about all of the 3553 factors as they apply to Mr. Spence.
>
> To the extent that he's requesting any departure or variance from the guidelines, I do not find that any is due.
>
> After considering the 3553 factors, it is the judgment of the [ ] Court that the Defendant, Mr. Spence, is hereby committed to the custody of Bureau of Prisons to be in prison for a term of 262 months.
>
> That sentence will be comprised of 202 months as to Count 1 and

> 60 months as to Count 7 to be served consecutively for that total of 262 months.
>
> The range, that is, the spread of the guideline sentence does exceed 24 months, so it is important that I explain exactly why I picked the point in the guidelines that I did.
>
> Let me start by saying there are times when the career offender guideline is too harsh. It is not too harsh in this case. It is a designation that has been earned in every sense of the phrase.
>
> Mr. Spence is now 32 years old and, in fact, the only career he appears to have ever had is one involving drugs sprinkled with guns.
>
> I do realize that the other defendants in this organization and the other defendants who were indicted received many fewer months of incarceration, and that, too, has been earned by Mr. Spence. He's the leader of a dangerous and highly organized gang.
>
> [ . . . ]
>
> Because of Mr. Spence'[s] reprehensible criminal history and the serious nature of the conduct involved, a sentence of 262 months is appropriate.

Doc. 153 at 16-18. Judgment was entered for 262 months' imprisonment, at the lowest end of the applicable career offender guidelines range. Doc. 141. Spence now seeks to unwind that sentence, arguing that counsel's myriad deficiencies irrevocably prejudiced his case. Doc. 148.

## II. ANALYSIS

"To prevail on a claim of ineffective assistance of counsel, a

6

prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). To demonstrate prejudice, the prisoner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice."). In other words, mere dissatisfaction with counsel's performance is not enough.

 **A. Spence's Career Offender Designation & Enhancements**

Spence first claims that counsel was ineffective for failing to object

7

to his sentencing guidelines range, because (1) the range was miscalculated under U.S.S.G. § 4B1.1, (2) § 4B1.1(c) is actually unconstitutionally vague, and (3) § 4B1.1(c) also violated "the doctrine of double jeopardy." Doc. 148 at 4. He correctly explains that § 4B1.1(c) "requires that a defendant convicted of 18 U.S.C. 924(c), who is determined to be a career offender, shall be assessed a guideline range that results by adding the mandatory minimum consecutive penalty required by the 924(c) conviction [60 months in this case] to the minimum and maximum of the otherwise applicable guideline range determined for the [other] count of conviction . . . [in this case the 151-188 guideline range]." *Id.* at 4-5. Spence just disagrees that it applies to him. He's wrong.

### 1. Spence is a Career Offender

Under the guidelines, Spence is a "career offender" if (1) he was over the age of 18 at the time of the instant offense (he was), (2) he had at least two qualifying prior felony convictions (he did), and (3) the instant offense was either a crime of violence or a controlled substance offense (it was). U.S.S.G. § 4B1.1(a); *see* PSR at ¶¶ 42 (felony possession of cocaine with intent to distribute in violation of O.C.G.A. § 16-30-30(b))

& 43 (felony sale of cocaine in violation of O.C.G.A. § 16-13-30).  He's a career criminal, and counsel could not have argued otherwise.  Because of that, § 4B1.1(c)(2) came into play, advising that the applicable guideline range was the greater of the two potential ranges -- the one based solely on his two counts (211 to 248 months) or the one based on his categorization as a career offender (262 to 327 months).  U.S.S.G. § 5G1.2(e)(2).  As required by the Guidelines, the higher of those two ranges was applicable, and the Court acted within its discretion by sentencing him at the lowest end of that properly calculated range.

Spence argues that recent developments in the law warrant reconsideration of his career offender designation.  Doc. 148 at 7-9; doc. 162 at 3-4.  But nothing about the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), or the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), changes his sentencing calculation.  Georgia's drug statute is divisible (unlike the Texas statute at issue in *Hinkle*), as it sets forth alternative elements, and thus is subject to the modified categorical approach set forth in *Descamps v. United States*, long before the *Mathis* decision. 133 S. Ct. 2276, 2281 (2013) (a statute is "divisible" when it "sets out one or more

elements of the offense in the alternative").

Here, the undisputed facts in Spence's PSR show that he was convicted under Georgia law for (1) possession with intent to distribute cocaine and (2) the distribution of cocaine. PSR at ¶¶ 42 & 43; *United States v. Ramirez-Flores*, 743 F.3d 816, 823 (11th Cir. 2014) ("a sentencing court applying the modified categorical approach may consider undisputed facts contained in the PSI"); *see also Shuman v. United States*, 2017 WL 8683695 at *2 (11th Cir. Nov. 9, 2017) ("sales" are a form of "distribution"). Under the Guidelines, both these felonies qualify as "serious drug offenses" because they are: (1) a state law crime, (2) punishable by at least five years and up to thirty years, (3) for possession with intent to distribute or the distribution of, (4) cocaine, a controlled substance. *See* O.C.G.A. § 16-30-30(b); 21 U.S.C. § 812 (cocaine is a Schedule II controlled substance under federal law); U.S.S.G. § 4B1.2(b).

Spence also contends that O.C.G.A. § 16-30-30(b)'s lack of a specific *mens rea* element "entails an innocent distribution or delivery of a controlled substance," which somehow invalidates it as a qualifying "controlled substance offense" under the Sentencing Guidelines. Doc.

162 at 3-4. He's creative, but he's also wrong. It is well settled that "drug crimes without an element of *mens rea* can be . . . 'controlled substances offense[s]'" within the meaning of U.S.S.G. § 4B1.2(b). *United States v. Smith*, 775 F.3d 1262, 1264 (11th Cir. 2014).

Taken with Spence's instant "serious drug offense," he glided into career-offender territory. *See McKenzie v. United States*, 2017 WL 930146 at *5 (S.D. Ga. Jan. 11, 2017). His argument to the contrary, predicated on an inapposite application of *Mathis* and *Hinkle*, doc. 148 at 7, does nothing to change that determination. And counsel cannot be deficient for failing to make that losing argument. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press [even] nonfrivolous points"); *Diaz-Boyzo v. United States*, 294 F. App'x 558, 560 (11th Cir. 2008) (counsel is not ineffective for failing to pursue a "nonmeritorious issue"); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same). In sum, Spence's career offender / miscalculation claim fails.

### 2. Guidelines Career Offender Designations Do Not Offend the Constitution

As to his constitutional challenges, the Supreme Court has specifically held that "the advisory Sentencing Guidelines, including

11

§ 4B1.2(a)'s residual clause [designating Spence a career criminal], are not subject to a challenge under the void-for-vagueness doctrine." *Beckles v. United States*, 137 S. Ct. 886, 897 (2017) (explaining that, unlike the Armed Career Criminal Act, "[t]he advisory Guidelines [ ] do not implicate the twin concerns underlying vagueness doctrine -- providing notice and preventing arbitrary enforcement."), *id.* at 895 ("Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress.").

And nothing about that career criminal designation, based on prior predicate felonies, violates the Constitution. "Enhancement of a sentence based on criminal conduct other than that underlying the instant conviction has the practical effect of penalizing the defendant for that conduct. However, it is not considered 'punishment' for that conduct in the double jeopardy context because the court is sentencing the defendant only for the instant offense, which is considered more serious because of the defendant's other criminal conduct." *United States v. Carey*, 943 F.2d 44, 47 n. 4 (11th Cir. 1991); *Williams v. Oklahoma*, 358 U.S. 576, 584-86 (1959) (a defendant's prior conviction may be used to impose a harsher sentence); *Gryger v. Burke*, 334 U.S.

728, 732 (1948) (sentence enhancements are not "a new jeopardy or additional penalty for [defendant's] earlier crime;" they are "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.").[2] These challenges are dead in the water.

### B. Spence's Firearm Conviction

Spence also argues that counsel should have argued that he was actually innocent of the 18 U.S.C. § 924(c) offense for possession of a firearm (a Taurus revolver) in relation to drug trafficking. Doc. 148 at 3, 10-11. He contends that the Government only showed he had a firearm "in the vicinity of drugs," which is not enough to demonstrate he possessed the gun "in furtherance of" a drug crime. *Id.* at 10-11. But he

---

[2] To the extent Spence also argues that Amendment 599 to the Sentencing Guidelines unwinds the § 924(c) conviction, doc. 162 at 2-3, that Amendment does nothing for him. Amendment 599 was enacted to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c), which carries a separate and consecutive punishment for firearm use. *See* U.S. Sentencing Guidelines Manual supp. to app. C at 70 (2002).

The Amendment, however, only applies to sentencing guidelines enhancements and not *statutorily enhanced* maximum sentences. *See* U.S.S.G. App. C, Amend. 599.; *United States v. Hunt*, 660 F. App'x 815, 818-19 (11th Cir. 2016). Spence was sentenced as a career offender. PSR at ¶ 38. He did not receive a weapons guidelines enhancement. *See id*. at ¶¶ 24-39. Rather, his weapons charge triggered the application of the career offender table, *id*. at ¶ 39, which imposes a statutorily enhanced sentence. In other words, Amendment 599 has no effect on his sentence.

admitted that he possessed a firearm "in furtherance of a drug trafficking crime, that is, possession with intent to distribute cocaine" as part of his plea agreement. Doc. 101 at 3. He swore, under oath, that he both understood the elements of the § 924(c) charge and was indeed guilty of that charge. Doc. 154 at 12-13, 19. He did not object to the facts as set forth in the PSR, including that he had admitted that most of the firearms found in his home were his. PSR at ¶¶ 12-15. Spence admits that, though he only possessed cocaine for his "personal use, not for sale," he "sold" marijuana and MDMA and does not contest that the weapons were his. Doc. 162 at 5.

To sustain a § 924(c) charge, the Government needed to establish that Spence: "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug trafficking crime for which he could be prosecuted in a court of the United States." *United States v. Woodard,* 531 F.3d 1352, 1362 (11th Cir. 2008). A firearm is possessed "in furtherance of" a drug trafficking crime when "the firearm helped, furthered, promoted, or advanced the drug trafficking." *Id.* (internal quotes omitted). While the mere "presence of a gun within the defendant's dominion and control during a drug trafficking offense is not sufficient by itself to sustain a § 924(c)

14

conviction," *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) (requiring some "nexus between the firearm and the drug selling operation"), here the Government has shown more.

The Taurus revolver was found loaded, "located in close proximity to the drugs[,] the drug dealing profits," and tools of the trade and "found at a time when [Spence] did not expect to be confronted by law enforcement officers." *United States v. Williams*, 731 F.3d 1222, 1233 (11th Cir. 2013) ("Factors relevant to determining whether the government established the 'in furtherance of' element include: (1) '[t]he type of drug activity that is being conducted'; (2) 'accessibility of the firearm'; (3) 'the type of the weapon'; (4) 'whether the weapon is stolen'; (5) 'the status of the possession (legitimate or illegal)'; (6) 'whether the gun is loaded'; (7) 'proximity to the drugs or drug profits'; and (8) 'the time and circumstances under which the gun is found.'"); *Timmons*, 283 F.3d at 1253 (these factors can establish the "nexus" between "the gun and the drug operation," and "distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard.") (internal quotes omitted); *see* PSR at ¶¶ 15-19 (noting scales, drug quantities, and cash found

15

alongside the gun in the house). That is sufficient evidence to uphold a § 924(c) charge, *see, e.g., United States v. Woodard*, 662 F. App'x 854, 867 (11th Cir. 2016) (where defendant's "firearms were found in his car within easy reach, loaded, and in close proximity to [ ] cash that the jury reasonably could have concluded was intended to be used to purchase cocaine," "a rational trier of fact could have inferred that he possessed firearms to further drug trafficking" despite other mitigating factors); *Timmons*, 283 F.3d at 1253 (a "bullet proof vest, crack cocaine on the stove and under the cushions of the couch, two fully loaded firearms on top of the oven and ammunition inside the oven in the living room of his apartment" comprised sufficient evidence for the jury to have concluded defendant "possess[ed] the firearms 'in furtherance of' drug trafficking."), and counsel cannot be found deficient for failing to pursue a meritless argument. *Jones*, 463 U.S. at 751; *Diaz-Boyo*, 294 F. App'x at 560; *Winfield*, 960 F.2d at 974.

### C. Spence's § 3553(a) Reduction

Movant finally argues that counsel's failure to move the Court for a reduction in sentence under 18 U.S.C. § 3553(a) comprises constitutionally deficient performance. Doc. 148 at 3, 12-15. But counsel

16

*did* seek a § 3553(a) reduction, arguing that Spence's nonviolent, low-level crimes should not subject him to the harsher guidelines range of a career offender.  Doc. 138 at 3, 10 (arguing that any sentence should be below the career offender guideline range, to better "fit[ ] the crime and person before the court").  Spence argues that he is entitled to resentencing pursuant to *Dean v. United States*, 137 S. Ct. 1170, 1175-76 (2017), because had counsel properly argued for mitigation the Court "would have imposed a lesser sentence than that currently imposed."  Doc. 162 at 6-7.  But all that the *Dean* decision did was reaffirm the Court's discretion in considering various factors when setting an appropriate sentence.  *Dean*, 137 S. Ct. at 1175 (citing *Pepper v. United States*, 562 U.S. 476, 487-88 (2011)).

Indeed, the Court here fully considered "the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation," as well as "'the nature and circumstances of the offense and the history and characteristics of the defendant,'" *Dean*, 137 S. Ct. at 1175 (cites omitted), in *rejecting* counsel's § 3553(a) arguments.  Doc. 153 at 4, 16-18 (explaining that Spence had "earned" his career offender designation and enhanced sentence).  Counsel made

17

her best effort to convince the Court that it should depart below the statutory maximum. After considering that argument, the Court disagreed. Counsel's failure to press an argument fully considered, and rejected, by the Court is simply not deficient. *Jones*, 463 U.S. at 751; *Diaz-Boyo*, 294 F. App'x at 560; *Winfield*, 960 F.2d at 974.

In sum, movant's buyer's remorse that the sentence ended up being higher than he hoped does not render counsel's performance deficient. Unfortunately for Spence, his career-offender designation and his possession of a firearm in furtherance of a drug crime -- neither of which counsel could negate -- subjected him to a higher guidelines range. PSR at ¶¶ 39 & 72. Counsel's failure to convince the Court to depart from that guideline range, particularly given the uphill battle she faced, is just not enough to render her performance deficient.

## III.  CONCLUSION

Accordingly, Shavar Spence's § 2255 motion should be **DENIED**.[3] For the reasons set forth above, it is plain that he raises no substantial

---

[3] Because his motion is without merit and his contentions are unambiguously contradicted by the record, his request for an evidentiary hearing, doc. 148 at 3, is **DENIED**. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   24th   day of April, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA